IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRON DANIEL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | No. C-13-1084 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is the "Motion to Dismiss Plaintiffs' Second Amended Complaint," filed August 15, 2013 by defendants City of Antioch ("the City"), Antioch Police Officer Devany Dee ("Officer Dee"), Antioch Police Corporal Rich Smith ("Cpl. Smith"), and Antioch Police Sergeant Steve Bias ("Sgt. Bias"). Plaintiffs Kebron Daniel ("Daniel"), Lilay, Inc. ("Lilay"), and Pearl Michelle Moya ("Moya") have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submission, and rules as follows:[1]

    1. Plaintiffs' First Cause of Action, alleging a claim under 42 U.S.C. § 1983 for violations of the Fourth Amendment, is subject to dismissal to the sole extent it is alleged against Sgt. Bias.

---

[1] By order filed September 24, 2013, the Court took the matter under submission.

a. Plaintiffs' allegation that Officer Dee and Cpl. Smith, acting without a warrant, entered and searched Lilay's premises, detained Moya, and seized business records and property is sufficient to state a claim against said defendants; contrary to defendants' argument, plaintiffs need not allege facts to establish the absence of exigency. See Camara v. Municipal Court, 387 U.S. 523, 528-39 (1967) (citing general rule that "search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant"); Hopkins v. Bonvicino, 573 F.3d 752, 766-67 (9th Cir. 2009) (holding, in civil action under § 1983, defendant has burden to establish "exigent circumstances" justify warrantless search and seizure).  Further, because a plaintiff may allege multiple statements of a claim, either "alternatively or hypothetically," see Fed. R. Civ. P. 8(d)(2), plaintiffs' allegation that each of said officers participated in the search and seizure or, alternatively, failed to intervene to stop the other (see Second Amended Complaint ("SAC") ¶¶ 31, 32), is sufficient at the pleading stage.

b. Plaintiffs fail to allege any facts to support their conclusory assertions that Sgt. Bias "failed to prevent" the search and seizure and "failed to properly supervise" the searching officers.  (See SAC ¶ 34.)  Consequently, plaintiffs' claim against Sgt. Bias is subject to dismissal.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state cognizable claim for relief); Chavez v. United States, 683 F.3d 1102, 1110-11 (9th Cir. 2012) (holding plaintiffs failed to state Fourth Amendment claim against supervisor, where plaintiffs alleged insufficient facts to support "wholly conclusory allegation" that supervisor "personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted" challenged seizure).

2. Plaintiffs' Second Cause of Action, alleging a claim under 42 U.S.C. § 1983 for deprivation of property in violation of the Due Process Clause, is subject to dismissal to extent it is brought on behalf of Moya and to the extent it is alleged against Sgt. Bias.

a. Plaintiffs, on behalf of Daniel and Lilay, have sufficiently stated a claim against Officer Dee and Cpl. Smith, in light of their allegations that said defendants, in the

2

course of an unannounced warrantless search, seized "client files, a file cabinet, and a computer" in response to "an incident between customers and [Lilay]," and, thereafter, that Daniel, Lilay's President, was denied access to the seized material for two weeks.  (See SAC ¶¶ 5, 17-18, 38, 41); see, e.g., Johnson v. City of Evanston, 250 F.3d 560, 562-63 (7th Cir. 2001) (holding, where police officers "choose sides in a dispute among citizens," by first seizing plaintiff's property and then "retaining it" during pendency of said civil dispute, plaintiff stated claim for deprivation of property without due process; noting, "a condition to the exercise of continuing public dominion over private property is the offer of a hearing to determine who is in the right"); see also Clement v. City of Glendale, 518 F.3d 1090, 1093-94 (9th Cir. 2008) (holding Due Process Clause "require[s] that notice generally be given before the government may seize property," and that "the state must present a strong justification for departing from the norm").

        b.  Plaintiffs do not allege Moya possessed an ownership or otherwise cognizable interest in any of the seized property, and, consequently, fail to state a claim on her behalf.  See Moreland v. Las Vegas Metropolitan Police Dep't, 159 F.3d 365, 370-71 (9th Cir. 1998) (holding plaintiffs failed to state claim for deprivation of due process, where they failed to identify interest of which they were deprived).

        c.  Plaintiffs fail to state a claim against Sgt. Bias, because plaintiffs allege no facts to support their conclusory assertions that he "failed to prevent" the deprivation and "failed to properly supervise."  (See SAC ¶ 44); see Iqbal, 556 U.S. at 678.

    3.  Plaintiffs' Third Cause of Action, alleging the City violated § 1983, is subject to dismissal, because plaintiffs fail to allege sufficient facts to support their conclusory assertion that the search and seizure and/or alleged subsequent deprivation of property occurred as a result of a municipal policy.  See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under § 1983 "unless action pursuant to an official municipal policy of some nature caused a constitutional tort").

    4.  The Fourth Cause of Action, alleging a claim under the California Constitution, article I, section 13, on behalf of Daniel and Lilay, is not, contrary to defendants' argument,

3

subject to dismissal on the ground that no private right of action for damages exists under said constitutional provision.² Federal courts hearing claims arising under California law "must apply the law as [they] believe the California Supreme Court would apply it." See Astaire v. Best Film & Video Corp., 116 F.3d 1297, 1300 (9th Cir. 1997). Having considered the district court opinions on which the parties rely for their respective positions on this issue, the Court finds persuasive the analysis set forth in Smith v. County of Riverside, 2006 U.S. Dist. LEXIS 98213 (C.D. Cal. May 16, 2006), and finds, for the reasons stated therein, see id., at *19-21, the California Supreme Court would hold a private cause of action exists under article I, section 13.

   5. Plaintiffs Fifth Cause of Action, alleging a claim under California Civil Code § 52.1(b) on behalf of Daniel and Lilay, is subject to dismissal.

    a. Plaintiffs fail to allege a claim on behalf of Daniel, because plaintiffs do not allege any defendant made a "threat" or used any means of "intimidation" or "coercion" against him. See Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 956 (2012) (holding, to state a claim under § 52.1, plaintiff must allege defendant "interfered with or attempted to interfere with the plaintiff's constitutional rights" by engaging in "threats, intimidation, or coercion"); Bay Area Rapid Transit Dist. v. Superior Court, 38 Cal. App. 4th 141, 144 (1995) (holding cause of action under § 52.1 is "limited to plaintiffs who themselves have been the subject of violence or threats"; rejecting argument that § 52.1 applies to "persons not present and not witnessing the actionable conduct").

    b. Plaintiffs fail to allege a claim on behalf of Lilay; assuming, arguendo, a corporation is an "individual" for purposes of § 52.1(b), plaintiffs fail to state any facts to support their conclusory assertion that defendants seized Lilay's property by "threaten[ing]" and "intimidat[ing]" Lilay's employee Moya. (See SAC ¶ 17); see Iqbal, 556 U.S. at 678; see also Shoyoye, 203 Cal. App. 4th at 959 (holding "where coercion is inherent in the constitutional violation alleged," § 52.1 "requires a showing of coercion independent from

---

²Defendants do not challenge the sufficiency of the Fourth Cause of Action on any other ground.

the coercion inherent in the wrongful [act] itself").

6. Plaintiffs' Sixth Cause of Action, alleging a claim for conversion on behalf of Daniel and Lilay, is subject to dismissal to the sole extent it is alleged against Sgt. Bias.

   a. Plaintiffs have sufficiently alleged a claim against Officer Dee and Sgt. Smith, in light of their allegations that said defendants seized business records and property from Lilay's premises and that, thereafter, Daniel was unable to obtain the property for a period of two weeks. See Plummer v. Day/Eisenberg, LLP, 184 Cal. App. 4th 38, 45 (2010) ("Conversion is the wrongful exercise of dominion over the property of another.") (internal quotation and citation omitted).

   b. Plaintiffs have failed to state a claim against Sgt. Bias, because plaintiffs do not allege an act of conversion by Sgt. Bias himself, and fail to allege any facts to support a finding that Sgt. Bias could be held liable for the acts of others.

7. Plaintiffs' Seventh Cause of Action, alleging a claim for interference with prospective business advantage on behalf of Daniel and Lilay, is subject to dismissal; as pleaded, the claim is based on legal conclusions setting forth the elements of the cause of action, without sufficient factual allegations to support any such conclusion. See Iqbal, 556 U.S. at 678 (holding, for purposes of determining whether plaintiff has stated claim for relief, courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

8. Plaintiffs' Eighth Cause of Action, alleging a claim for interference with contract on behalf of Daniel and Lilay, is subject to dismissal; as pleaded, the claim is based on legal conclusions setting forth the elements of the cause of action, without sufficient factual allegations to support any such conclusion. See id.

9. Plaintiffs' Ninth Cause of Action, alleging a claim of negligence on behalf of Daniel and Lilay, is subject to dismissal; as pleaded, the claim is based on legal conclusions setting forth the elements of the cause of action, without sufficient factual allegations to support any such conclusion. See id.

//

10. Plaintiffs' Tenth Cause of Action, alleging a claim for invasion of privacy on behalf of Daniel and Lilay, is subject to dismissal to the sole extent it is alleged against Sgt. Bias.

a. Contrary to defendants' argument, plaintiffs are not required to plead facts to support a finding that the seizure was not "justified"; justification is an "affirmative defense." See Baughman v. State, 38 Cal. App. 4th 182, 189-90 (1995) (holding defendant may prevail as to invasion of privacy claim by "pleading and proving as an affirmative defense that the invasion is justified because it substantially furthers one or more countervailing, societal interests," such as "the public interest in exposing and prosecuting serious crime"); see also United States v. McGee, 993 F.2d 184, 187 (9th Cir. 1993) (holding plaintiff "not required to plead on the subject of an anticipated defense").[3]

b. Plaintiffs fail to state a claim against Sgt. Bias, because plaintiffs allege no facts to support a finding that Sgt. Bias invaded plaintiffs' privacy or could be held liable for the acts of others.

11. Plaintiffs' Eleventh Cause of Action, alleging a claim for intentional infliction of emotional distress on behalf of Daniel, is subject to dismissal. Even assuming the "confiscation without a warrant of business property" constituted "outrageous" conduct (see SAC ¶ 92), "[i]t is not enough that the conduct be intentional and outrageous," see Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1992). Rather, the conduct must be "directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." See id. (holding that although defendants engaged in "intentional and outrageous conduct," specifically, "mishandling of the remains of plaintiffs' decedents," plaintiffs failed to state claim for intentional infliction of emotional distress, given failure to allege such conduct "was directed at [them], or occur[red] in [their] presence"). Here, plaintiffs do not plead, even as a legal conclusion let alone with the requisite supporting facts, that any

---

[3] Defendants also argue plaintiffs cannot recover for any invasion of the privacy of Lilay's clients. The SAC, however, does not appear to include such a claim, and plaintiffs, in their opposition, confirm their claim is based on the seizure of "private material belonging to the [p]laintiffs." (See Pls.' Opp., filed August 29, 2013, at 23:4-8.)

outrageous conduct was "directed" at Daniel, nor do plaintiffs allege Daniel was present when the seizure occurred.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

    a. The Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Causes of Action are DISMISSED in their entirety, with leave to amend as set forth below;

    b. The First, Sixth, and Tenth Causes of Action are DISMISSED to the extent they are alleged against Sgt. Bias, with leave to amend as set forth below.

    c. The Second Cause of Action is DISMISSED to the extent it is alleged on behalf of Moya and to the extent it is alleged against Sgt. Bias, with leave to amend as set forth below; and8

    d. In all other respects, the motion is DENIED.

2. If plaintiffs wish to file a Third Amended Complaint for purposes of curing any or all of the deficiencies identified above, any such Third Amended Complaint shall be filed no later than October 18, 2013. Plaintiffs may not, however, add new causes of action, new plaintiffs, or new defendants without leave of court. See Fed. R. Civ. P. 15(a)(2). If plaintiffs do not file a Third Amended Complaint within the time provided, the instant action will proceed on the remaining claims in the Second Amended Complaint.

The Case Management Conference, currently scheduled for October 25, 2013, is hereby CONTINUED to November 8, 2013, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than November 1, 2013.

**IT IS SO ORDERED.**

Dated: September 25, 2013

MAXINE M. CHESNEY
United States District Judge