IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRON DANIEL, et al., | No. C-13-1084 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| CITY OF ANTIOCH, et al., | |
| Defendants. | |

Before the Court is the Motion to Dismiss, filed November 1, 2013, by defendants City of Antioch ("the City"), Antioch Police Officer Devany Dee ("Officer Dee"), Antioch Police Corporal Rich Smith ("Cpl. Smith"), and Antioch Police Sergeant Steve Bias ("Sgt. Bias"), by which defendants seek dismissal of certain claims alleged in plaintiffs' Third Amended Complaint ("TAC"). Plaintiffs Kebron Daniel ("Daniel"), Lilay, Inc. ("Lilay"), and Pearl Michelle Moya ("Moya") have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submission, VACATES the hearing scheduled for December 6, 2013, and rules as follows:

1. Contrary to plaintiffs' argument, the Third Cause of Action, alleging a claim under 42 U.S.C. § 1983 against Sgt. Bias, is subject to dismissal without leave to amend, to the extent it is based on a theory that plaintiffs' business files and other property were seized

by Officer Dee and Cpl. Smith in violation of the Fourth Amendment, for the reason that plaintiffs allege Sgt. Bias was first "made aware" of the seizure after it occurred. (See TAC ¶ 49); Jones v. Williams, 297 F.3d 930, 937 (9th Cir. 2002) (holding supervisor liable for deprivation only "if there exists *either* (1) his or her personal involvement in the constitutional deprivation, *or* (2) a sufficient causation connection between the supervisor's wrongful conduct and the constitutional violation"2) (internal quotation and citation omitted; emphases in original); Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (holding where "illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence").

  2. Contrary to defendants' argument, the Third Cause of Action, to the extent it is based on a theory that Sgt. Bias deprived plaintiffs of property in violation of the Due Process Clause, is not subject to dismissal, in light of plaintiffs' allegations that, after Sgt. Bias learned the seizure occurred without a warrant and in response to "an incident between customers," he nonetheless retained the property and denied plaintiffs access thereto for a period of two weeks. (See TAC ¶¶ 18-19, 49, 53); Johnson v. City of Evanston, 250 F.3d 560, 562-63 (7th Cir. 2001) (holding, where police officers "choose sides in a dispute among citizens," by seizing plaintiff's property and then "retaining it" during pendency of said civil dispute, plaintiff states claim for deprivation of property without due process; noting, "a condition to the exercise of continuing public dominion over private property is the offer of a hearing to determine who is in the right"); see also Clement v. City of Glendale, 518 F.3d 1090, 1093-94 (9th Cir. 2008) (holding Due Process Clause "require[s] that notice generally be given before the government may seize property," and that "the state must present a strong justification for departing from the norm").

  3. Contrary to plaintiffs' argument, the Fourth Cause of Action, alleging a claim under the California Constitution, article 1, section 13, is subject to dismissal without leave to amend to the extent alleged against Sgt. Bias; as discussed above, Sgt. Bias was made aware of the seizure only after it had been conducted. See Cal. Const. art 1, § 13 (prohibiting "unreasonable seizures and searches"); Venegas, 704 F.2d at 1146 (holding

unlawful seizure "complete upon occurrence").[1]

4. Contrary to plaintiffs' argument, the Fifth Cause of Action, alleging a claim under ¶ 52.1 of the California Civil Code on behalf of Daniel and Lilay and against Officer Dee and Cpl. Smith, is subject to dismissal; although plaintiffs allege Officer Dee, while at Lilay's place of business, threatened Daniel over the phone (see TAC ¶ 16), plaintiffs fail to allege any facts to support a finding that the subsequent seizure of property "result[ed] from [such] threat," see Jackson v. City of Fresno, 257 Fed. Appx. 144, 146 (9th Cir. 2007) (holding § 52.1 "includes, as an element, that the deprivation of a constitutional right must result from a threat, intimidation, or coercion"); cf. Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998) (citing, as example of party subject to suit under § 52.1, individual who "threatened to injure the [plaintiff] if she did not . . . consent to an official and warrantless search of her premises").[2] Because it is not readily apparent that plaintiffs cannot cure such deficiency, however, the Court will afford plaintiffs leave to amend.

5. Contrary to defendants' argument, the Sixth Cause of Action, alleging a claim for conversion, is not subject to dismissal to the extent brought against Sgt. Bias, in light of plaintiffs' allegation that Sgt. Bias, after learning Lilay's business files and other property had been seized without a warrant, did not allow Daniel access to the property for a period of two weeks. See Plummer v. Day/Eisenberg, LLP, 184 Cal. App. 4th 38, 45 (2010) (noting "[c]onversion is the wrongful exercise of dominion over the property of another") (internal quotation and citation omitted).[3]

6. Plaintiffs have agreed to withdraw the Seventh Cause of Action, alleging negligence, to the extent it is based on a claim of "direct" negligence against the City. (See

---

[1] Defendants do not seek dismissal of the Fourth Cause of Action to the extent it is alleged against Officer Dee and Cpl. Smith.

[2] Plaintiffs also allege that Officer Dee and Cpl. Smith made certain threats to Moya, who was at the business during the seizure. (See TAC ¶ 16.) The Fifth Cause of Action, however, is not brought on behalf of Moya, and, in any event, plaintiffs fail to allege any facts to support a finding that the seizure resulted from any threat made to Moya.

[3] In a prior order, the Court has found the Sixth Cause of Action sufficient as alleged against Officer Dee and Cpl. Smith.

Pls.' Opp., filed November 15, 2013, at 17:2-6.)

7. Contrary to defendants' argument, the Seventh Cause of Action, to the extent alleged against Sgt. Bias, is not subject to dismissal, in light of plaintiffs' allegation that Sgt. Bias took possession of the seized property and that when the property was later returned to Daniel, the seized files were in "disarray." (See TAC ¶¶ 18-19); Minsky v. City of Los Angeles, 11 Cal. 3d 113, 121 (1974) (holding "government in effect occupies the position of bailee when it seizes from an arrestee property that is not shown to be contraband"); Witkowski v. Hern, 82 Cal. 604, 605-06 (1890) (affirming finding constable was negligent, where constable held property that had been seized from plaintiff and, when property was later returned to plaintiff, property had been damaged while in possession of constable).[4]

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

    a. The Third Cause of Action, to the extent it is based on a Fourth Amendment violation, is DISMISSED without leave to amend.

    b. The Fourth Cause of Action, to the extent alleged against Sgt. Bias, is DISMISSED without leave to amend.

    c. The Fifth Cause of Action is DISMISSED with leave to amend as set forth below.

    d. The Seventh Cause of Action, to the extent it is based on a claim of direct negligence as alleged against the City, is DISMISSED without leave to amend.

    e. In all other respects, the motion is DENIED.

2. If plaintiffs wish to file a Fourth Amended Complaint for purposes of curing the above-described deficiency with respect to the Fifth Cause of Action, any such Fourth Amended Complaint shall be filed no later than December 20, 2013. Plaintiffs may not,

---

[4] Defendants do not seek dismissal of the Seventh Cause of Action to the extent it is alleged against Officer Dee and Cpl. Smith.

however, add new causes of action, new plaintiffs, or new defendants without leave of court. See Fed. R. Civ. P. 15(a)(2). If plaintiffs do not file a Fourth Amended Complaint within the time provided, the instant action will proceed on the remaining claims in the Third Amended Complaint.

**IT IS SO ORDERED.**

Dated: December 3, 2013

_____
MAXINE M. CHESNEY
United States District Judge