1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KEBRON DANIEL, et al.,                    No. C-13-1084 MMC

12              Plaintiffs,                     **ORDER DENYING PLAINTIFFS' MOTION
                                                FOR LEAVE TO FILE MOTION FOR**
13     v.                                       **RECONSIDERATION OF ORDER ON
                                                MOTION TO DISMISS SECTION 52.1**
14   CITY OF ANTIOCH, et al.,                   **CLAIM; EXTENDING DEADLINE TO FILE
                                                FOURTH AMENDED COMPLAINT**
15              Defendants.
   _____/
16

17          Before the Court is plaintiffs' "Motion for Leave to File Motion for Reconsideration of

18   Order on Motion to Dismiss Section 52.1 Claim," filed December 12, 2013.  By said motion,

19   plaintiffs seek leave to file a motion for reconsideration of the Court's order of December 3,

20   2013, to the extent the order dismissed plaintiffs' Fifth Cause of Action, a claim under

21   § 52.1 of the California Civil Code and alleged on behalf of plaintiffs Kebron Daniel and

22   Lilay Inc.  Having read and considered the motion, the Court rules as follows.

23          Section 52.1 provides for a cause of action against a person who "interferes by

24   threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or

25   coercion, with the exercise or enjoyment by any individual or individuals of rights secured

26   by the Constitution or laws of the United States, or of the rights secured by the Constitution

27   or laws of [California]."  See Cal. Civil Code § 52.1(a).  In its prior order, the Court found

28   plaintiffs' § 52.1 claim subject to dismissal, with leave to amend, because plaintiffs had

failed to allege that defendants' seizure of property resulted from threats, intimidation, or coercion. (See Order, filed December 3, 2013, at 3:4-12.) In support thereof, the Court cited Jackson v. City of Fresno, 257 Fed. Appx. 144 (9th Cir. 2007), in which the Ninth Circuit held that, for purposes of § 52.1, a "deprivation of a constitutional right must result from a threat, intimidation, or coercion." See id. at 146. Plaintiffs argue they are entitled to seek reconsideration because, they assert, defendants did not argue in their motion to dismiss that plaintiffs had failed to allege causation, nor cite to the case upon which the Court relied for its ruling. Under such circumstances, plaintiffs contend, "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." (See Pl.s' Mot. at 2:12-13, 3:1-4 (citing Civil L.R. 7-9(b)(1) (identifying showing necessary to support motion for leave to file motion for reconsideration)).)

For purposes of the instant motion, the Court assumes, arguendo, the Local Rule on which plaintiffs rely is applicable to the circumstances as described by plaintiffs, to wit, that they were not alerted to an issue the Court found significant, and, consequently, were unfairly surprised by the Court's ruling. Whatever equitable force such argument may carry, however, it is not persuasive here, as defendants, contrary to plaintiffs' assertion, did argue in their motion to dismiss that plaintiffs had failed to allege causation. In that regard, defendants cited to, and indeed quoted, a district court case holding two of the "elements" of a § 52.1 claim are that "defendants interfered with plaintiff's constitutional rights by threatening or committing violent acts" and that "defendants' conduct was a substantial factor in causing plaintiffs' harm." (See Defs.' Mot., filed November 1, 2013, at 8:16-21 (emphasis in original) (quoting Tolosko-Parker v. County of Sonoma, 2009 WL 498099, *5 (N.D. Cal. 2009).) Further, in reliance thereon, defendants argued that plaintiffs' § 52.1 claim was "unsupported by sufficient facts" because "[t]here [were] no allegations that the officers used violence or threats of violence in carrying out the underlying search and seizure." (See id. at 15:9-13.) To the extent the Court cited to a Ninth Circuit case, rather than to a district court case, for the legal proposition on which defendants relied does no

2

more than add further support for an argument already made by defendants. In sum, plaintiffs have failed to show they are entitled to file a motion for reconsideration.

Moreover, even if plaintiffs were afforded an opportunity to reargue the matter, their proposed argument lacks merit and, consequently, the filing of a motion for reconsideration would be futile. In particular, plaintiffs seek to argue that the Ninth Circuit's holding in Jackson is erroneous, because, plaintiffs contend, the California Supreme Court only requires the deprivation of a right be "accompanied by," as opposed to "result[ing] from," threats or coercion. (See Pls.' Mot. at 3:6-8, 22-25 (citing Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004) and Jones v. Kmart Corp., 17 Cal. 4th 329 (1998)).) Although plaintiffs are correct that the California Supreme Court has used the phrase "accompanied by," see Venegas, 32 Cal. 4th at 843; Jones, 17 Cal. 4th at 334, it is clear that causation, as identified in Jackson, is an element of § 52.1. Indeed, in Venegas, the California Supreme Court held the statute's "provisions are limited to threats, intimidation, or coercion that interfere with a constitutional or statutory right," see Venegas, 32 Cal. 4th at 843; see also, e.g., M.H. v. County of Alameda, 2013 WL 1701591, *7 (N.D. Cal. April 18, 2013) (explaining plaintiffs in Venegas had sufficiently stated claim where officers engaged in "series of actions involving 'threats, intimidation, or coercion' that resulted in the plaintiff's unreasonable seizure"); in Jones, the California Supreme Court cited, as an example of a party who would be subject to suit under § 52.1, an individual who "threatened to injure the [plaintiff] if she did not . . . consent to an official and warrantless search of her premises," see Jones, 17 Cal. 4th at 334. Nothing in Venegas or Jones suggests that a plaintiff would have a cognizable § 52.1 claim based on a threat made at or around the same time as a search and seizure, but which threat lacked a causal connection to the search and seizure.

Accordingly, for all of the above reasons, plaintiffs' motion is hereby DENIED.

Lastly, as noted, the challenged order dismissed plaintiffs' § 52.1 claim with leave to amend; the present deadline to amend is December 20, 2013. Because plaintiffs may have relied on the filing of the instant motion to effectuate a stay, the Court hereby

1    EXTENDS the deadline for plaintiffs to file a Fourth Amended Complaint to January 8,

2    2014.

3         **IT IS SO ORDERED.**

4

5    Dated: December 20, 2013

6                                                         MAXINE M. CHESNEY
                                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28